UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO VILLEGAS, | 1:11-CV-00517 LJO SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| JAMES HARTLEY, Warden, | [Doc. #11] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND[1]**

Petitioner was convicted in the Butte County Superior Court of second degree murder on August 14, 1990. He is serving an indeterminate sentence of fifteen years to life in state prison. He challenges a prison disciplinary hearing held on December 5, 2009, in which he was found guilty of possessing tobacco. He was assessed a thirty-day loss of good-time credits, counseled, reprimanded, and unassigned from his job.

On March 28, 2011, he filed the instant federal petition in this Court. On July 27, 2011, Respondent filed a motion to dismiss the petition for lack of habeas jurisdiction. Petitioner filed an

---

[1] This information is derived from the petition and motion to dismiss.

opposition on August 15, 2011, and Respondent filed a reply on August 18, 2011.

**DISCUSSION**

**I. Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to summarily dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." See Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer after the court orders a response, and the Court should use Rule 4 standards to review the motion. White v. Lewis, 874 F.2d 599, 602-03 (9th Cir.1989). In this case, Respondent has not yet filed a formal answer. Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**II. Jurisdiction**

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge "the lawfulness of confinement or to particulars affecting its duration." Hill v. McDonough, 547 U.S. 573, 579 (2006); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. "[H]abeas jurisdiction is absent . . . where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir.2003).

In this case, Petitioner sustained a loss of thirty days of good-time credits. Good-time credits are only relevant to a prisoner's determinate sentence. Cal. Penal Code §§ 1170, 2932, 2933(a); Cal. Code Regs. tit. 15, § 3043.3(a). In the case of a prisoner sentenced to a term of years to life, such as Petitioner, good-time credits are used to compute the minimum eligible parole date ("MEPD"). Cal. Code Regs. tit. 15, § 2400. Since Petitioner has already achieved his MEPD, a restoration of his good-time credits will not affect his sentence, since the Board of Parole Hearings ("Board") must still find him suitable for parole. Cal. Penal Code § 3041(a). Even if the Board finds Petitioner suitable, statutory time credits will not be used to determine the actual term of incarceration; the base

term will be determined by the Board itself. Cal. Penal Code § 3041(a); Cal. Code Regs. tit. 15, § 2401, 2403. Since Petitioner's claims, if successful, would not alter the fact or duration of his confinement, the Court is without jurisdiction to entertain his claims.

Petitioner also alleges the length of his sentence is affected because his chances for a favorable parole decision are diminished as a result of the disciplinary violation. This claim is entirely speculative. The instant prison disciplinary violation may or may not factor into a future parole decision. All relevant information available to the parole panel, positive and negative, must be considered. Cal. Code Regs., tit. 15, § 2402(b). The presence of one negative factor does not foreclose a favorable parole determination. Id. Rather, the ultimate decision is whether the inmate will pose an unreasonable risk of danger to society if released. Cal. Code Regs., tit. 15, § 2402(a). In Petitioner's case, it is entirely possible that the prison disciplinary violation will not factor in at all to the parole determination, and even if it does, it may only be one of many circumstances considered. The possibility that the disciplinary violation will affect a future parole decision is "too speculative to establish habeas jurisdiction." Richardson v. Yates, __ F.3d __, __, 2011 WL 2148704, *1 (9th Cir., June 1, 2011) (unpublished[2]); see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir.2003); Wilson v. Terhune, 319 F.3d 477, 481 (9th Cir. 2003); Sandin v. Conner, 515 U.S. 472 (1995); cf. Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir.2004) (finding habeas jurisdiction where a petitioner challenged frequency of parole hearings).

Petitioner's challenges to the prison disciplinary violation do not concern the legality or duration of his confinement. The instant petition should be dismissed.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss the petition for lack of jurisdiction be GRANTED and the petition be DISMISSED.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

---

[2] See Fed. R. App. P. 32.1(a) (allowing for citation of unpublished appellate opinions).

1  Within thirty (30) days after service of the Findings and Recommendation, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall
4  be served and filed within fourteen (14) days after service of the objections.  The Court will then
5  review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised
6  that failure to file objections within the specified time may waive the right to appeal the District
7  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

10  IT IS SO ORDERED.
11  **Dated:     September 11, 2011**                    /s/ Sandra M. Snyder
                                                 UNITED STATES MAGISTRATE JUDGE